UNITED STATES of America ex rel. Samuel PRIEST, Appellant,

v.

The DEPARTMENT OF CORRECTIONS OF the STATE OF DELAWARE ex rel. William NARDINI, Commissioner,

No. 16900.

United States Court of Appeals Third Circuit.

Argued Feb. 9, 1968.

Decided Feb. 27, 1968.

James F. Kipp, Becker & Kipp, Wilmington, Del., for appellant.

Jay P. James, Deputy Atty. Gen. of State of Delaware, Wilmington, Del., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In this habeas corpus proceeding by a state prisoner, assigned counsel has ably presented an unusual theory of denial of due process of law. A statement made by the accused during interrogation, at a time when he was confined because of his inability to supply bail, was used against him. Although it does not appear that the statement was involuntary, it is argued that an accused person under detention is available for and amenable to interrogation in a manner and to an extent that does not obtain in the case of an accused who is free on bail. Thus, it is argued, the incriminating statement resulted from the disadvantageous situation in which the petitioner found himself because he was a poor person unable to obtain bail and this disadvantage constitutes a denial of equal protection of law.

This argument is ingenious, but, in our view, it does not establish such fundamental injustice on the part of the state as would constitute a denial of any constitutional right.

We have rejected a similar argument in an analogous situation. Rigney v. Hendrick, 3 Cir., 1965, 355 F.2d 710, cert. denied, 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed.2d 685. There we said: "Admittedly, there is a classification between those who can and those who cannot make bail. The constitution, however, permits such a classification, and any differences here, arise solely because of the inherent characteristics of confinement and cannot constitute invidious discrimination." 355 F.2d at 715.

The judgment will be affirmed.